

1  Suzette R. Rowe
   Attorney "In Pro Se"
2  bridgettepoodle@gmail.com
   1335 American Way
3  Nipomo, CA 93444
   Telephone: (805)343-9197
4

5  Attorney "In Pro Se"

6

7

8              UNITED STATES DISTRICT COURT
               CENTRAL DISTRICT OF CALIFORNIA
9

10

11  SUZETTE R ROWE                    )   Case No. 10-00986-VAP-(DTBX)
                                      )
12        Plaintiff,                  )
                                      )
13  vs.                               )   **PLAINTIFF'S RICO CASE
                                      )   STATEMENT FILED PURSUANT
14  N WORX MEDIA, Inc. a California   )   TO LOCAL RULE 11.1**
    Corporation, JOHN L GRAY, an      )
15  Individual, KATHY VERCHER, an     )
    Individual, SCOTT HALE, an        )
16  Individual, SPEARMINT RHINO       )
    CONSULTING WORLDWIDE,             )
17  INC., a Nevada Corporation,       )
    NETWORK SOLUTIONS, INC.,          )
18  a Virginia Corporation            )
    and DOES 1 through 10.            )
19                                    )
                                      )
20        Defendants.                 )
                                      )
21                                    )
                                      )
22

23        Plaintiff, Suzette R. Rowe, hereby files her initial RICO Case Statement

24  pursuant to Local Rule 11.1

25

26

27

28

RICO Case Statement                          Case No. 10-00986-VAP(DTBX)

1

**RESPONSES**

1.     **State whether the alleged unlawful conduct is in violation of 18 U.S.C. 1962(a), (b), (c) and/or (d).**

Defendant's unlawful conduct violates subsections (a), (b), (c), and (d) of 18 U.S.C. § 1962.

2.     **List the defendants and state the alleged misconduct and basis of liability of each defendant.**

N Worx Media, Inc. ("Defendant N Worx") – Defendant N Worx, acting through its employees, John L. Gray, Chairman and CEO of N Worx and Spearmint Rhino Consulting Worldwide, Inc., Kathy Vercher, President of N WORX and Spearmint Rhino Consulting Worldwide, Inc., and Scott Hale, Vice President of Information Technology, engaged in racketeering activity by participating in a conspiracy by wrongfully acquiring control over the IMNINN.COM domain name in violation of Plaintiff's rights and is currently still holding IMNINN.COM and/or assisting others in holding the domain name in violation of law.

John L. Gray ("Defendant Gray") – Defendant Gray engaged in racketeering activity by acting as a co-conspirator, who enabled and/or wrongfully assisted various defendants in stealing control over the IMNINN.COM domain name in violation of Plaintiff's rights, and is currently still holding IMNINN.COM and/or assisting others in holding the domain name in violation of law.

Kathy Vercher ("Defendant Vercher") – Defendant Vercher engaged in racketeering activity by as a co-conspirator and who enabled and/or wrongfully assisted various Defendants in stealing control over the IMNINN.COM domain name in violation of Plaintiff's rights, and is currently still holding IMNINN.COM and/or assisting others in holding the domain name in violation of law.

Scott Hale ("Defendant Hale") – Defendant Hale engaged in racketeering activity by acting as a co-conspirator and who enabled and/or wrongfully assisted

various defendants in stealing control over the IMNINN.COM domain name in violation of Plaintiff's rights, and is currently still holding IMNINN.COM and/or assisting others in holding the domain name in violation of law.

Spearmint Rhino Consulting Worldwide, Inc. (Defendant "SRCW") – Defendant SRCW, acting through its employees, engaged in racketeering activity by participating in a conspiracy that enabled and/or wrongfully assisted various defendants in stealing control over the IMNINN.COM domain name in violation of Plaintiff's rights, and is currently still holding IMNINN.COM and/or assisting others in holding the domain name in violation of law. Additionally, SRCW, among other things, owned and/or controlled instrumentalities like the online internet service accounts which, in significant part, perpetrated the theft of Plaintiff's domain names. For example, the computer facilities used to perpetrate the theft of Plaintiff's domain names were owned and controlled by SRCW. SRCW also subscribes to the internet provider used to initiate the transfer of the IMNINN.COM domain name, by impersonating Plaintiff in connection with the theft of Plaintiff's domain names IMNINN.COM, JOHNLGRAY.COM and JOYCEANDIVY.COM.

Network Solutions, Inc. ("Defendant NetSol") – Defendant NetSol, acting through its employees, engaged in racketeering activity by participating in a conspiracy that allowed various defendants to steal control over the IMNINN.COM, JOHNLGRAY.COM and JOYCEANDIVY.COM domain names and despite Plaintiff's repeated pleas to return control of these domain names to Plaintiff, wrongfully denied these requests even after they obtained proof that Plaintiff had personally purchased these.

Basis for liability under RICO for Defendants: N Worx Corporate Defendants, Defendant Gray, Defendant Vercher, Defendant Hale, SRCW Corporate Defendants and NetSol Corporate Defendants to engage in a series of wrongful and illegal acts, that enabled and/or wrongfully assisted various

defendants in stealing control over the IMNINN.COM domain name in violation of Plaintiff's rights, and is currently still holding IMNINN.COM and/or assisting others in holding the domain name in violation of law.

Defendants intentionally participated in this conspiracy and knowingly engaged in a pattern and practice to steal control over Plaintiff's domain names.

Defendants, N Worx, Gray, Vercher, Hale and SRCW profited from the from the conversion of Plaintiff's property by transferring the IMNINN.COM domain without authorization. These defendants employ the same marketing channels as Plaintiff. Both Plaintiff and the Defendants market adult films through the Internet, at various adult entertainment trade shows and exhibits, movie distributor websites, adult retail stores and through their own Internet websites. Because the Defendants are a direct competitor, in the adult marketplace, the fraudulent theft of the domain name, IMNINN.COM, reduces their competition in the adult video sales and the on-line membership sites arenas.

Additionally, as explained in Plaintiff's original complaint, Defendants, N Worx, Gray, Vercher, Hale and SRCW are now trying to offer the return of the domain name IMNINN.COM as an incentive for Plaintiff to consider their third proposed settlement agreement. Their sole purpose in willfully stealing the domain name IMNINN.COM was to financially strangle Plaintiff by disrupting her ability to earn revenue from the membership site www.imninn.com and to offer www.imninn.com as an incentive for members of her new website www.igirlportal.com and to use the return of this domain name as leverage in  the third proposed settlement agreement.

Additionally, NETSOL has an economic incentive to resist any attempts by Plaintiff to regain control over the domain name IMNINN.COM, even where it is presented with reasonable evidence that it was stolen because the DNS for this domain now points to NETSOL and thus NETSOL now receives a benefit in advertising of NETSOL.

Each of the Defendants was the agent, employee and/or joint venturer, and/or working in concert with, other Defendants and was acting within the course and scope of such agency, employment and/or joint venture or concerted activity. To the extent that any particular act was perpetrated by a certain Defendant or Defendants, the remaining Defendant or Defendants confirmed and/or ratified the same.

**3.     List alleged wrongdoers, other than the defendants listed above, and state the alleged misconduct of each wrongdoer.**

Plaintiff believes additional discovery and investigation may reveal additional wrongdoers and respectfully reserves the right to supplement this RICO Case Statement upon completion of discovery relating to additionally alleged wrongdoers.

**4.     List the alleged victims and state how each victim was allegedly injured.**

Victims who have suffered RICO injuries include Plaintiff Rowe, Plaintiff is an individual and resident of the County of San Luis Obispo, State of California. Plaintiff is also the rightful owner of the IMNINN.com domain name. The Defendants' fraudulent schemes have caused Plaintiff to lose substantial monies and property and contractual rights to said Defendants.

Victims who have suffered RICO injuries include Plaintiff's life-partner, Frances Michael Fitzgerald ("Fitzgerald") aka Michael Ninn. Because Fitzgerald significantly profits from Plaintiff's investment in web site memberships, the Defendants' fraudulent schemes have caused Fitzgerald to lose substantial monies and property and contractual rights to said Defendants.

**5.     Describe in detail the pattern of racketeering activity or collection of unlawful debts alleged for each RICO claim. A description of the pattern of racketeering shall include the following information.**

///

RICO Case Statement                                    Case No. 10-00986-VAP(DTBX)

5

**(a) List the alleged predicate acts and the specific statues which were allegedly violated.**

Plaintiff alleges that the co-conspiring Defendants, N Worx, Gray, Vercher, Hale, SRCW and NetSol, engaged in a systematic and extensive series of illegal acts that formed a pattern and practice of racketeering activity. The pattern and practice of racketeering activities include, but are not limited to, the willful and wrongful theft of the Plaintiff's domain names.

Statutes violated include, among others, California Code Cal. Penal Code § 502, 18 U.S.C. § 1030(a)(4), 15 U.S.C. § 1117, 15 U.S.C.§ 1125(d), 18 U.S.C § 1962 (b)-(d), and California Business and Professions Code § 17200 et seg.

**(b) Provide the dates of predicate acts, the participants in the predicate acts, and a description of the facts surrounding the predicate acts.**

On or about July 2008, based on information and belief, Hale, acting in conspiracy with the other Defendants, knowingly and willfully accessed Plaintiff's account on NETSOL's protected computer domain system *without* authorization and/or falsely impersonated Plaintiff's authority, changed the Registrant, Administrator and Technical contact information to reflect that of Hale's email address, shale@spearmintrhino.com and deleted Plaintiff's username and password. The unauthorized access and transfer by the Defendants furthered the intended fraud by causing the registration of the domain to be altered in order that the Defendants could subsequently fraudulently transfer the DNS of the IMNINN.COM domain name, without notice, consideration or consent of Plaintiff, to a new DNS server. Additionally, the Registrant, Administrator and Technical contact information of two other domain names, JOHNLGRAY.COM and JOYCEANDIVEY.COM, Plaintiff had personally purchased through NETSOL were transferred and Plaintiff's username and password were deleted. It should be noted that the DNS for JOHNLGRAY.COM was immediately changed by the Defendants. JOYCEANDIVY.COM was returned to Plaintiff by NETSOL on

October 15, 2008. However, IMNINN.COM and JOHNLGRAY.COM remain in the Defendants' possession.

On or about April 17, 2010, the DNS for IMNINN.COM was transferred. The manner and extent to which the Defendants willfully and unlawfully accessed and manipulated and/or otherwise compromised the DNS of IMNINN.COM is not clear. The entire website www.imninn.com was annihilated. The DNS for IMNINN.COM now points to a NETSOL page which states: "This Page is Under Construction".

**(c) If the RICO claim is based in the predicate offenses of wire fraud, mail fraud, or fraud in the sale of securities, the "circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Identify the time, place and contents of the alleged misrepresentations, and the identity of persons to whom and by whom the alleged misrepresentations were made.**

Upon information and belief, the Gray Defendants knowingly have used the mails, electronic mails and/or facsimile wires to further their schemes, all with the specific intent to defraud Plaintiff.

On or about July 2008, the Defendants, among other things, [1] subverted Plaintiff's domain name registration information and frustrated Plaintiff's efforts to maintain the registrations of IMNINN.COM, JOHNLGRAY.COM and JOYCEANDIVY.COM, and stole the registrations for themselves, thus gaining control over IMNINN.COM, JOHNLGRAY.COM and JOYCEANDIVY.COM with the intent to use it as an instrumentality for domain theft; [2] unlawfully used their control over IMNINN.COM, JOHNLGRAY.COM and JOYCEANDIVY.COM to forge email communications representing to be from Plaintiff, thus publishing forgeries by phone and/or email in violation of laws; [3] falsely impersonated Plaintiff, and in such assumed character, directed the transfer of IMNINN.COM, JOHNLGRAY.COM and JOYCEANDIVY.COM to the Gray

Defendants, thus committing the crime of false impersonation; [4] used Plaintiff's username and password to fraudulently alter the registration records so that the registrant of IMNINN.COM, JOHNLGRAY.COM and JOYCEANDIVY.COM was falsely recorded; and [5] committed subsequent transfers of the DNS of IMNINN.COM and JOHNLGRAY.COM without lawful authority, badly usurping the true owner's rights, thus engaging in the bad faith trafficking in domain names.

Some and/or much of the aforesaid fraudulent activity was conducted through the internet, electronic mails and/or over facsimile wires.

**(d)  State whether there has been a criminal conviction for violation of each predicate act.**

To date, there has not been a criminal conviction for violation of any predicate act.

**(e)  State whether civil litigation has resulted in a judgment in regard to each predicate act.**

To date, there has been no civil litigation resulting in a judgment in regard to each predicate act.

**(f) Describe how the predicate acts form a "pattern of racketeering activity".**

Upon information and belief, beginning in approximately 2008 and continuing to the present, in the State of California and elsewhere, the Defendants, knowingly and willfully have combined, conspired, confederated and agreed with each other and with others, to conduct and participate, directly and indirectly, through a pattern of various schemes to steal the domain names, and otherwise defraud Plaintiff and tortiously interfered with her domain property and contractual rights. Additionally, the Defendants are now trying to offer the return of the domain name IMNINN.COM as an incentive for Plaintiff to consider their third proposed settlement agreement, thus eliminating their potential liability in the State Court Action. One word sums this offer up…..Extortion.

RICO Case Statement                                    Case No. 10-00986-VAP(DTBX)

Upon information and belief, the Defendants knowingly have used the mails, electronic mails and/or facsimile wires to further their schemes, all with the specific intent to defraud Plaintiff.

The Defendants' fraudulent schemes have caused Plaintiff to lose substantial monies and property and contractual rights to said Defendants.

The Defendants, among other things, [1] subverted Plaintiff's domain name registration information and frustrated Plaintiff's efforts to maintain the registrations of IMNINN.COM, JOHNLGRAY.COM and JOYCEANDIVY.COM, and stole the registrations for themselves, thus gaining control over IMNINN.COM, JOHNLGRAY.COM and JOYCEANDIVY.COM with the intent to use it as an instrumentality for domain theft; [2] unlawfully used their control over IMNINN.COM, JOHNLGRAY.COM and JOYCEANDIVY.COM to forge email communications representing to be from Plaintiff, thus publishing forgeries by phone and/or email in violation of laws; [3] falsely impersonated Plaintiff, and in such assumed character, directed the transfer of IMNINN.COM, JOHNLGRAY.COM and JOYCEANDIVY.COM to the Gray Defendants, thus committing the crime of false impersonation; [4] used Plaintiff's username and password to fraudulently alter the registration records so that the registrant of IMNINN.COM, JOHNLGRAY.COM and JOYCEANDIVY.COM was falsely recorded; and [5] committed subsequent transfers of the DNS of IMNINN.COM and JOHNLGRAY.COM without lawful authority, badly usurping the true owner's rights, thus engaging in the bad faith trafficking in domain names.

Some and/or much of the aforesaid fraudulent activity was conducted through the internet, electronic mails and/or over facsimile wires.

The Defendants also interfered with Plaintiff's opportunity to solicit customers. By committing the above predicate acts of mail, email and/or wire fraud in violation of 18 U.S.C. § 1341, and/or electronic wire fraud in violation of 18 U.S.C. § 1343 *et seq.*, the Defendants have engaged in a pattern of

RICO Case Statement                              Case No. 10-00986-VAP(DTBX)

1  "racketeering activity" as defined in 18 U.S.C. 1961(5).

2      As such, the Defendants conducted, and participated in the conduct of an

3  enterprise through a pattern of racketeering activity in violation of 18 U.S.C. §

4  1962(c).

5      The Defendants agreed in advance to commit the predicate acts set forth in

6  this cause of action and to violate 18 U.S.C. § 1962 (b)-(d), among others.

7      As such, the Defendants' conspiracy violates 18 U.S.C. § 1962(d).

8      As a direct and proximate result of the Gray Defendants racketeering

9  activity, Plaintiff has suffered injuries and losses

10     **(g)  State whether the alleged predicate acts relate to each other as**

11  **part of a common plan. If so, describe in detail.**

12     As described in the Complaint, acting together, Defendants, N Worx, Gray,

13  Vercher, Hale, SRCW and NetSol conspired to engage in a series of wrongful and

14  illegal acts, including but not limited to, knowingly accessing Plaintiff's account

15  on NETSOL's protected computer domain system *without* authorization and/or

16  falsely impersonating Plaintiff's authority, changing the Registrant, Administrator

17  and Technical contact information to reflect that of Hale's email address,

18  shale@spearmintrhino.com and deleting Plaintiff's username and password, to

19  steal Plaintiff's domain names.

20     These predicate acts were all part and parcel of a common plan. The plan's

21  purpose was to steal Plaintiff's domain names. By designing and implementing this

22  plan, Defendants expected to, and did, profit and gain a competitive advantage.

23     The alleged predicate acts all relate to each other as part of this common

24  plan. These acts are part of a series of wrongful and illegal acts that are all part of

25  the common plan to conduct and participate, directly and indirectly, through a

26  pattern of various schemes to steal the domain names, and otherwise defraud

27  Plaintiff and to tortiously interfere with her domain property and contractual rights.

28  Additionally, the Defendants are now trying to offer the return of the domain name

RICO Case Statement                                    Case No. 10-00986-VAP(DTBX)

10

IMNINN.COM as an incentive for Plaintiff to consider their third proposed settlement agreement.

6. **Describe in detail the alleged enterprise for each RICO claim. A description of the enterprise shall include the following information:**

**(a) State the names of the individuals, partnerships, corporations, associations, or other legal entities, which allegedly constitute the enterprise.**

The RICO Enterprise consists of an association-in-fact between Defendant N WORX, Defendant SRCW, Defendant NetSol and Defendants Gray, Vercher and Hale.

**(b) Describe the structure, purpose, function and course of conduct of the enterprise.**

The Enterprise is an association-in-fact formed by N Worx, Gray, Vercher, Hale, SRCW and NetSol. The central purpose of the Enterprise was to conspire to engage in a series of wrongful and illegal acts, including but not limited to, knowingly accessing Plaintiff's account on NETSOL's protected computer domain system *without* authorization and/or falsely impersonating Plaintiff's authority, change the Registrant, Administrator and Technical contact information to reflect that of Hale's email address, shale@spearmintrhino.com and delete Plaintiff's username and password, to steal Plaintiff's domain names and to use the return of these domain names as an incentive for Plaintiff to sign a third proposed settlement agreement.

**(c) State whether any defendants are employees, officers or directors of the alleged enterprises.**

Defendant Gray, is Chairman and CEO of N Worx and Spearmint Rhino Consulting Worldwide, Inc., two of the entities comprising the Enterprise. Kathy Vercher, is President of N WORX and Spearmint Rhino Consulting Worldwide, Inc., two of the entities comprising the Enterprise, and Scott Hale, Vice President of Information Technology of N Worx and Spearmint Rhino Consulting

Worldwide, Inc., two of the entities comprising the Enterprise.

Defendant N Worx and SRCW are corporate entities that, together, comprise the Enterprise.

**(d) State whether any defendants are associated with the alleged enterprise.**

As described above, all of the Defendants were associated with the Enterprise during the events alleged in the Complaint.

**(e) State whether the claimant is alleging that the defendants are individuals or entities separate from the alleged enterprises, or that the defendants are the enterprise itself, or members of the enterprises.**

Plaintiff alleges that N Worx and SRCW Defendants, together with the individual Defendants are members of, and have an association-in-fact that is, the Enterprise.

**(f) If any defendants are alleged to be the enterprise itself, or members of the enterprise, explain whether such defendants are perpetrators, passive instruments, or victims of the alleged racketeering activity.**

Plaintiff alleges that N Worx and SRCW Defendants and the individual Defendants are all members of the association-in-fact that is the Enterprise.

**7.    State and describe in detail whether the claimant is alleging that the pattern of racketeering activity and the enterprise are separate or have merged into one entity.**

Plaintiff alleges that the pattern of racketeering activity and the Enterprise are separate and apart. Plaintiff alleges that the racketeering activity was committed in furtherance of the business of the Enterprise but did not constitute entirety the business of the Enterprise.

**8.    Describe the alleged relationship between the activities of the enterprises and the pattern of racketeering activity. Discuss how the racketeering activity differs from the usual and daily activities of the**

1    **enterprise, if at all.**

2        Plaintiff alleges that the racketeering activity was committed in furtherance

3    of the business of the Enterprise but did not constitute entirety the business of the

4    Enterprise.

5        **9.    Describe what benefits, if any, the alleged enterprise receives from**

6    **the alleged pattern of racketeering.**

7        The Enterprise received financial benefits from the pattern of racketeering.

8    Defendants, N Worx, Gray, Vercher, Hale and SRCW profited from the conversion

9    of Plaintiff's property by transferring the IMNINN.COM domain without

10   authorization. These defendants employ the same marketing channels as Plaintiff.

11   Both Plaintiff and the Defendants market adult films through the Internet, at

12   various adult entertainment trade shows and exhibits, movie distributor websites,

13   adult retail stores and through their own Internet websites. Because the Defendants

14   are a direct competitor, in the adult marketplace, the fraudulent theft of the domain

15   name, IMNINN.COM, reduces their competition in the adult video sales and the

16   on-line membership sites arenas.

17       Additionally, as explained in Plaintiff's original complaint, Defendants, N

18   Worx, Gray, Vercher, Hale and SRCW are now trying to offer the return of the

19   domain name IMNINN.COM as an incentive for Plaintiff to consider their third

20   proposed settlement agreement. Their sole purpose in willfully stealing the domain

21   name IMNINN.COM was to financially strangle Plaintiff by disrupting her ability

22   to earn revenue from the membership site www.imninn.com and to offer

23   www.imninn.com as an incentive for members of her new website

24   www.igirlportal.com and to use the return of this domain name as leverage in a

25   third proposed settlement agreement, thus eliminating their liability in the State

26   Court Action.

27       **10.    Describe the effect of the activities of the enterprise on interstate**

28   **or foreign commerce.**

RICO Case Statement                                          Case No. 10-00986-VAP(DTBX)

Plaintiff alleges that the activities of the Enterprise had a substantial effect on interstate and foreign commerce.

The Enterprise impacted interstate and foreign commerce by reducing competition in the adult video sales and the on-line membership sites arenas.

**11.    If the complaint alleges a violation of 18 U.S.C. § 1962(a), provide the following information**

**(a)  State who received the income derived from the pattern of racketeering activity or through the collection of an unlawful debt.**

Plaintiff alleges that the Defendants received the income derived from the pattern of racketeering activity.

**(b)  Describe the use or investment of such income.**

Plaintiff alleges that the income received from the pattern of racketeering was used by Defendants N Worx and SRCW to invest in and operate the ongoing operations of the corporations, including but not limited to those portions of the corporate operations that were member of the Enterprise.

**12.    If the complaint alleges a violation of 18 U.S.C. § 1962(b), describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise.**

The Defendants unlawfully and willfully accessed and manipulated and/or otherwise compromised Plaintiff's registration account with Network Solutions. How this was accomplished is not clear, however upon information and belief, Plaintiff believes Hale, acting in conspiracy with others, knowingly and willfully accessed Plaintiff's account on NETSOL's protected computer domain system *without* authorization and/or falsely impersonated Plaintiff's authority, causing the DNS of the IMNINN.COM domain name to be transferred, without notice, consideration or consent of Plaintiff, to a new DNS server and changed the Registrant, Administrator and Contact information to reflect that of Hale's email address, shale@spearmintrhino.com. Consequently, Plaintiff was precluded from

RICO Case Statement                                    Case No. 10-00986-VAP (DTBX)

using her domain and her customers were misled into believing that Plaintiff's company was no longer in business and/or the website www.imninn.com was under construction, resulting in Plaintiff's loss of business revenue.

      **13.    If the complaint alleges a violation of 18 U.S.C. § 1962(c), provide the following information:**

      **(a)  State who is employed by or associated with the enterprise.**

The Enterprise consists of an association-in-fact comprised of Defendant N WORX, Defendant SRCW, Defendant NetSol, Defendant Gray, Defendant Vercher, and Defendant Hale. All Defendants are employed by an entity that comprises the Enterprise.

      **(b)  State whether the same entity is both the liable "person" and the "enterprise" under § 1962(c).**

Plaintiff does not allege that the same entity is both the liable "person" and the "enterprise" under § 1962(c).

      **14.    If the complaint alleges a violation of 18 U.S.C. § 1962(d), describe in detail the alleged conspiracy.**

The facts that show the existence of the alleged conspiracy include, but are not limited to, the following:

Upon information and belief, beginning in approximately 2008 and continuing to the present, in the State of California and elsewhere, the Defendants, knowingly and willfully have combined, conspired, confederated and agreed with each other and with others, including the NETSOL Defendants to conduct and participate, directly and indirectly, through a pattern of various schemes to steal the domain names, and otherwise defraud Plaintiff and tortiously interfered with her domain property and contractual rights. Additionally, the Defendants are now trying to offer the return of the domain name IMNINN.COM as an incentive for Plaintiff to consider their third proposed settlement agreement. One word sums this offer up.....Extortion.

Upon information and belief, the Defendants knowingly have used the mails, electronic mails and/or facsimile wires to further their schemes, all with the specific intent to defraud Plaintiff.

The Defendants' fraudulent schemes have caused Plaintiff to lose substantial monies and property and contractual rights to said Defendants.

The Defendants, among other things, [1] subverted Plaintiff's domain name registration information and frustrated Plaintiff's efforts to maintain the registrations of IMNINN.COM, JOHNLGRAY.COM and JOYCEANDIVY.COM, and stole the registrations for themselves, thus gaining control over IMNINN.COM, JOHNLGRAY.COM and JOYCEANDIVY.COM with the intent to use it as an instrumentality for domain theft; [2] unlawfully used their control over IMNINN.COM, JOHNLGRAY.COM and JOYCEANDIVY.COM to forge email communications representing to be from Plaintiff, thus publishing forgeries by phone and/or email in violation of laws; [3] falsely impersonated Plaintiff, and in such assumed character, directed the transfer of IMNINN.COM, JOHNLGRAY.COM and JOYCEANDIVY.COM to the Defendants, thus committing the crime of false impersonation; [4] used Plaintiff's username and password to fraudulently alter the registration records so that the registrant of IMNINN.COM, JOHNLGRAY.COM and JOYCEANDIVY.COM was falsely recorded; and [5] committed subsequent transfers of the DNS of IMNINN.COM and JOHNLGRAY.COM without lawful authority, badly usurping the true owner's rights, thus engaging in the bad faith trafficking in domain names.

Some and/or much of the aforesaid fraudulent activity was conducted through the internet, electronic mails and/or over facsimile wires.

The Defendants also interfered with Plaintiff's opportunity to solicit customers. By committing the above predicate acts of mail, email and/or wire fraud in violation of 18 U.S.C. § 1341, and/or electronic wire fraud in violation of 18 U.S.C. § 1343 *et seq.*, the Defendants have engaged in a pattern of

"racketeering activity" as defined in 18 U.S.C. 1961(5).

As such, the Defendants conducted, and participated in the conduct of an enterprise through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c).

The Defendants agreed in advance to commit the predicate acts set forth in this cause of action and to violate 18 U.S.C. § 1962 (a)-(d), among others.

As such, the Defendants' conspiracy violates 18 U.S.C. § 1962(d). Plaintiff hereby incorporates by reference the additional facts alleged in the Complaint.

**15.   Describe the alleged injury to business or property.**

The Defendants, individually, and in various conspiracies with each other, engaged in a wrongful, fraudulent and otherwise illegal scheme to steal property and internet opportunities belonging to Plaintiff, and to otherwise defraud Plaintiff, utilizing illegally and fraudulently obtained username and password information, the mails, electronic mails and/or facsimile wires to further their schemes, misrepresenting the ownership of Plaintiff's domain names to effectuate said scheme, to defraud Plaintiff's rights and title to the domain name IMNINN.COM.

Further, the Defendants, individually and in concert, conspired to convert and converted IMNINN.COM, JOHNLGRAY.COM and JOYCEANDIVY.COM from the use and possession of Plaintiff, the rightful owner, to their own use and possession, by a series of criminal acts and unlawful conduct, as follows:

    A.    Intending to defraud, the Defendants, individually and in concert, conspired to subvert the registration process, frustrate Plaintiff's efforts to maintain the registrations of IMNINN.COM, JOHNLGRAY.COM and JOYCEANDIVY.COM, and stole the registrations for themselves, thus gaining control over the domain names with the intent to use it as an instrumentality for domain theft.

    B.    Intending to defraud, the Defendants, individually and in concert, conspired unlawfully and exercised their control over the domain

names by knowingly accessing Plaintiff's account on NETSOL's protected computer domain system *without* authorization causing the DNS of the IMNINN.COM domain name to be transferred, without notice, consideration or consent of Plaintiff, to a new DNS server and changed the Registrant, Administrator and Contact information to reflect that of Hale's email address, shale@spearmintrhino.com.

C.    The Defendants falsely impersonated Plaintiff's authority, and in such assumed character, unlawfully directed the transfer of the DNS and changed the Registrant, Technical and Administrative contact information, thus committing the crime of False Impersonation.

The Defendants made the foregoing fraudulent misrepresentations with knowledge of their falsity and with the intent that NETSOL would rely on them to Plaintiff's detriment.

As a direct and proximate result of the Defendants unlawful acts as aforesaid, Plaintiff has been injured in her business and/or property in amounts to be determined at trial by the ongoing pattern and practice of illegal acts.

**16.    Describe the direct causal relationship between the alleged injury and the violation of the RICO statute.**

But for the existence of and wrongful acts by the Defendants, Plaintiff would not have been injured, either physically or financially. There is a direct causal relationship between the injury and the pattern of racketeering activity.

**17.    List the damages sustained for which each defendant is allegedly liable.**

Plaintiff has sustained damages to her business and/or property in amounts to be determined at trial.

**18.    List all other federal causes of action, if any, and provide the relevant statute numbers.**

(1) Unauthorized Access to Defraud and Obtain Value Under the Computer

RICO Case Statement                          Case No. 10-00986-VAP(DTBX)

18

Fraud and Abuse Act – 18 U.S.C. § 1030(a)(4); (2) Trespass to Chattels; (3) Intentional Interference With Prospective Economic Advantage; (4) Fraud; (5) Tortious Interference With Contractual Relations and Prospective Economic Advantage; (6) Conversion of Plaintiff's Internet Domain Name; (7) Cyberpiracy and Contributory Liability for Cybersquatting – 15 U.S.C. § 1117 and 1125(d).

**19.    List all supplemental state claims, if any.**

(1) Violation of California Business and Professions Code § 17200 et seg.; (2) Violation of California Penal Code § 502(a).

**20.    Provide any additional information that would be helpful to the court in processing the RICO claim.**

Defendant Gray is essentially a career criminal. While investigation is continuing, Plaintiff has determined that Gray has been arrested and prosecuted for a wide variety of crimes including stolen property, carrying a concealed weapon, fraud upon the United States Government, false statements to the United States Government, embezzlement and passing bad checks. His most recent incarceration was a 6-month sentence at the Federal Prison in Boron, California followed by 2 years home detention and three years probation for False Claims and Statements to the United States.

DATED: August 25, 2010              By: _____

                                          Suzette R. Rowe
                                          1335 American Way
                                          Nipomo, CA 93444
                                          Telephone :  (805)343-9197
                                          Attorney in ""Pro Se"

RICO Case Statement                      Case No.  10-00986-VAP(DTBX)

## CERTIFICATE OF SERVICE

I, Jessica Berry, do hereby certify that on the _____ day of August 2010, I caused a true and correct copy of the foregoing Plaintiff's RICO Case Statement to be served via U.S. First Class Mail, postage prepaid, upon the following individuals at the addresses indicated:

N Worx Media, Inc.                     Spearmint Rhino Consulting Worldwide
1875 Tandem Way                       1875 Tandem Way
Norco, CA 92860                       Norco, CA 92860

*Defendant*                              *Defendant*

John L. Gray                          Network Solutions, Inc.
1875 Tandem Way                       13891 Sunrise Valley Dr.
Norco, CA 92860                       Herndon, VA 20170

*Defendant*                              *Defendant*

Kathy Vercher
1875 Tandem Way
Norco, CA 92860

*Defendant*

Scott Hale
1875 Tandem Way
Norco, CA 92860

*Defendant*

Jessica Berry
175 Pomeroy
Pismo Beach, CA

RICO Case Statement                              Case No. 10-00986-VAP(DTBX)

1